

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00158-CR

_____

TRANELL ANTWON PLEASANT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1674721

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

A Tarrant County jury found Tranell Antwon Pleasant guilty of murder, a first-degree felony.[1]  *See* TEX. PENAL CODE ANN. § 19.02(c) (Supp.).  With a finding of "True" to the enhancement paragraph, Pleasant was sentenced to life imprisonment.  On appeal, Pleasant argues that the trial court erred in denying his motion for mistrial after sustaining his objection to testimony related to an alleged prior shooting by Pleasant.  Because we find that the trial court did not abuse its discretion in denying Pleasant's motion for mistrial after giving the jury instructions to disregard, we affirm the trial court's judgment.

## I.      Complained-of Testimony

In his sole point of error, Pleasant argues that the trial court abused its discretion by denying his motion for mistrial after his aunt, Stacey Morgan, testified that Pleasant had previously shot his own brother.

The following colloquy occurred during the trial:

[(BY THE STATE:)]  Q.      Had you ever seen [Pleasant] carry a gun before?

[(BY MORGAN:)]    A.      One time when he shot my nephew, his brother.

Pleasant immediately objected, and after the jury was excused, he explained to the trial court that the statement made by Morgan was an extraneous offense, another shooting, which he argued was "highly prejudicial" and something that he was not arrested for.  The State requested the trial court to instruct the jury to disregard, and Pleasant asked for the instruction as well, but also

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own.  *See* TEX. R. APP. P. 41.3.

requested a mistrial, arguing that the "bell . . . can't be unrung." The trial court denied Pleasant's motion for mistrial and stated that the jury would be instructed to disregard Morgan's statement. Morgan was then admonished by the trial court and the State regarding her testimony and told not to elaborate when the question does not call for it in an attempt to further limit any information coming in regarding other extraneous offenses. Pleasant then reiterated his request for a mistrial, arguing that Morgan's testimony was too prejudicial for the jury to disregard because it was related to a separate shooting when on trial for the same type of offense. The trial court then advised that it was "concerned" about the effect the "highly prejudicial" statement had on the jury and indicated that it was unsure "how a jury can disregard that particular comment at this point." The trial court then indicated that it would review the law and make a decision after a lunch recess. The trial court ultimately determined that the motion for mistrial should be denied and instructed the jury to disregard the last response made by Morgan.

## II. Standard of Review and Applicable Law

"A mistrial is appropriate only when the record reveals highly prejudicial and incurable error." *McBurnett v. State*, 629 S.W.3d 660, 662 (Tex. App.—Fort Worth 2021, pet. ref'd) (citing *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)). "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Id.* (quoting *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam)). Declaring a mistrial is essential "only when an improper question or answer is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression

3

produced on the minds of the jurors.'" *Id.* (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).

"We review the denial of a motion for mistrial for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and considering only the arguments before the court at the time of its ruling." *Id.* at 663 (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009), *abrogated by Becerra v. State*, 385 S.W.3d 120 (Tex. Crim. App. 2024)). "We must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id.* (citing *Ocon*, 284 S.W.3d at 884).

In evaluating whether a mistrial was necessary, we should consider "(1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) certainty of conviction absent the misconduct." *Gomez v. State*, 552 S.W.3d 422, 428 (Tex. App.—Fort Worth 2018, no pet.) (citing *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (citing *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004))).

As to the first factor, the parties agree that it was not the State's intention to elicit any comments regarding a prior shooting or any extraneous offenses, meaning there was no prosecutorial misconduct. *See Gomez*, 552 S.W.3d at 428. The question was not posed in such a way to elicit an answer that would inflame the minds of the jury, nor did that appear to be Morgan's intent. Rather, Morgan's response was an unnecessary explanation of the previous time she had seen Pleasant with a gun. Morgan admitted that she had been told not to discuss related offenses, and after being admonished by the trial court and the State, she made no further mention of such offenses. This factor, therefore, weighs against a mistrial. *See id.*; *see also*

*Vickery v. State*, Nos. 02-04-00422-CR & 02-04-00423-CR, 2005 WL 2244730, at \*5 (Tex. App.—Fort Worth 2005, pet. ref'd) (per curiam.) (mem. op., not designated for publication) (upholding denial of mistrial where witness's statement was isolated, did not provide any particular details, and was not the result of prosecutorial misconduct).

Second, the trial court, after a recess for lunch and consideration of the issue, instructed the jury to disregard the statement by Morgan immediately upon the jury's return to the courtroom. We have no indication that the jury ignored the instruction, and we are to assume that the jury did as instructed. *See Gomez*, 552 S.W.3d at 429 (citing *Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006) ("concluding that, in the absence of evidence to the contrary, it is assumed that the jury followed its written instructions") (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998)).

The last factor we consider is the certainty of the conviction absent the misconduct. *See Id.* at 428. Prior to Morgan's testimony, the record includes the testimony of Jaquan Robinson, a friend of Pleasant's who was with Pleasant the evening of the shooting. Robinson's testimony was that he, Pleasant, Pleasant's girlfriend, and Shelton Harris were all together on the day of the shooting. Robinson stated that he and Harris had gotten into a couple of altercations that day regarding Harris's missing cell phone. After the second fight with Harris, Pleasant took Robinson to a corner store near Harris's house and dropped him off. Robinson testified that Pleasant was then going to Harris's house to return Harris's cell phone. Robinson stated that he heard gunshots after Pleasant left while Robinson was waiting at the store. Robinson further stated that Pleasant then returned to pick him up and admitted that he had shot Harris.

The record also contains testimony of John Martin, Harris's neighbor, who stated that he was on his back porch when he saw Harris walking down Harris's street. He also saw a gray Chevy Impala that he knew to be Pleasant's vehicle come down the block. He then heard three or four gunshots and immediately called Pleasant to tell him he heard shots outside of Harris's home. Martin testified that Pleasant told him that he was on the other side of town. Martin also explained that he had previously seen Pleasant with a gun. That evidence, taken together, would be sufficient to support Pleasant's conviction, even if Morgan's testimony were ignored. *See Gomez*, 552 S.W.3d at 429.

"Based on the record before us, we do not believe that [Morgan's] comment rose to the level of an 'extreme' or incurable error such that a mistrial was warranted." *Id.* We therefore conclude that the trial court did not abuse its discretion by denying Pleasant's motion for mistrial, and we overrule his sole issue on appeal.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     May 26, 2026
Date Decided:       June 30, 2026

Do Not Publish